In the matter of the petition of BROOKS MASON, guardian of
certain infants.

Petition for the sale of real estate of infants, being improved farms and an unpro-
ductive village lot ; denied as to the farms.
Infants' estates are not generally to be sold, either under the act of 1814 or 1815 ;
the expectation of an increased income, is not a sufficient motive ; there must
be some special reason for the measure.
Whether wild lands exposed to waste of timber, will be ordered to be sold;
quere.

1824.
March 31.

*Sale of in-*
*fants' real es-*
*tate.*

THIS petition was for a sale of lands belonging to the infants.
The lands were described as consisting of " all that piece or
parcel of land situate in township number thirteen, in the fourth
range of townships, in the county of Ontario, and state
of New-York, viz. one hundred and three acres and thir-
ty-six rods, being the south division of lot number fifty-
seven, in township aforesaid, bounded as follows : east, west,
north and south, by the line of said division ; and also thir-
ty-six acres, to be taken off from the south part of the middle
division of lot number fifty-seven, in said township, and to be
bounded as follows, viz. east, west and south, by the lines of
said division, and north by the north part of said division,
deeded by Daniel Penfield, esquire, to Joseph I. Shaw, and to
contain said quantity of thirty acres of land, agreeable to the
survey of James Smedley, esquire, including all highways, if
any there be ;" and a village lot in the village of Vienna.

The reason alleged for the sale was that the value of the
real estate if converted into personal property, would produce
a better income, and thus be for the benefit of the infants.

THE COURT. Applications for the sale, of the real proper-
ty of infants, under the two acts on that subject, are now be-
coming so frequent, as to constitute a considerable branch of
the business of the court. They are necessarily ex parte. It
is the duty of the court therefore to exercise a special vigilance
with regard to them ; and it becomes useful also to state the
rules which will guide the discretion of the court in the exercise
of this jurisdiction.

The act of 1814, 37th sess. ch. 108., makes it lawful for the chancellor, on petition setting forth the grounds and reasons of the application, if upon the whole matter he shall think it necessary and proper for the maintenance or education of such infants, in a summary way to direct a sale, &c.

The act of 1815, 38th sess. ch. 105., goes farther, and gives authority to this court to order such sale whenever it shall appear that the " interest of the infant requires that the " said lands or terms should be sold," or will be " substantially " promoted" by a sale ; but the act gives no rule to guide the judgment of the court, as to the cases in which sales should be deemed beneficial.

The motive alleged in this case, is, that the capital will produce a higher interest if invested in personalty. Such is universally the case ; and it results from principles of political economy, not necessary to be here discussed. But as the fact is universal, or at least, general, it can not form a proper ground for the proceeding. It can not be admitted, that infants' estates are generally to be sold.

Although capital invested in real property, produces a less interest than that which is invested in personal, yet a large proportion of mankind consider the former as most beneficial, and accordingly prefer it. It must be at least as safe and beneficial for infants as for others.

The risk to which the property would be exposed in the sale, and in the reinvestment, forms an obvious objection to the measure in all common cases.

The benefit intended must therefore, be confined to cases of a special character, when the situation of the infants, as regards maintenance and education or other peculiar circumstances, calls for a special interposition. The case of property exposed to waste and dilapidation, may be also a proper one in which to exercise this power.

In the present case, the greater part of the property proposed to be sold, consists of improved farms. As regards that, the petition must be refused. There is included however, a village lot, which is stated to be wholly unproductive. Let an order be entered allowing that lot to be sold.

An enquiry was made from the bar, whether the rule now

1824.    laid down would include wild lands, in large tracts, totally
unproductive, and exposed to waste from the cutting of timber.

THE COURT said, that it was not intended to be understood,
that a sale would be refused in such cases.